IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **MUTWAKIL ELHAG,** **Plaintiff,** v. **DELTA AIR LINES, INC.,** **Defendant.** | **Civil Action No.** **1:25-cv-00606-SDG-RGV** |

### DEFENDANT DELTA AIR LINES, INC.'S BRIEF IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Defendant Delta Air Lines, Inc. ("Delta" or "Defendant") by and through its undersigned counsel, respectfully moves to dismiss the Complaint filed by Plaintiff Mutwakil Elhag ("Plaintiff") for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

Plaintiff's complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) because it is untimely and because he has not alleged sufficient factual allegations to support his claims of discrimination.

I.   **FACTUAL BACKGROUND**

According to the Statement of Claim attached to his Complaint, Plaintiff worked for Defendant "for nearly 19 years." Doc. 1-1 at 2. On March 6, 2024, during work, Plaintiff stepped outside to make a personal phone call. Doc. 1-1 at 1. While outside, Plaintiff entered a vehicle owned by Defendant. Doc. 1-1 at 1. Plaintiff "noticed a small panda bear toy on the dashboard" of the vehicle and removed the

toy from the vehicle. Doc. 1-1 at 1.

The next day, March 7, 2024, Plaintiff "was called into a meeting with [his] managers." Doc. 1-1 at 1. The managers "questioned [Plaintiff] about entering the truck and taking the toy," and asked Plaintiff to write a statement. Doc. 1-1 at 1–2.

After submitting a statement, Plaintiff "was informed of [his] suspension and escorted from the premises." Doc. 1-1 at 2. Plaintiff was ultimately terminated from his employment position with Defendant. Doc. 1 at 6.

## II.   PROCEDURAL BACKGROUND

Plaintiff filed the instant action on February 7, 2025. Doc. 1. In his Complaint, Plaintiff alleges that Defendant discriminated against Plaintiff because of his race, religion, national origin, age, and ethnicity. Doc. 1 at 6; Doc. 1-1 at 2–3. Plaintiff indicated that Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA") provide a basis for jurisdiction over his claims. Doc. 1 at 1–2. However, Plaintiff fails to allege facts sufficient to state a claim for any purported causes of action.

In his Complaint Plaintiff also completed a section titled "<u>Administrative Procedures</u>." Doc. 1 at 4. In that section, Plaintiff indicated that he filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Doc. 1 at 4. Plaintiff also indicated and that he received a Dismissal and Notice of Rights ("right-to-sue letter") from the EEOC. Doc. 1 at 4. Plaintiff indicated that the

right-to-sue letter was dated November 6, 2024, and that he received the right-to-sue letter on approximately November 8, 2024. Doc. 1 at 4.

Plaintiff did not attach a copy of his charge of discrimination, but he did attach a copy of his right-to-sue letter to his Complaint. Doc. 1-1 at 9. Defendant has attached Plaintiff's charge of discrimination as Exhibit 1.[1]

The right-to-sue letter issued on November 6, 2024, informed Plaintiff that the EEOC would not proceed further in investigating his allegations of discrimination by Defendant. *See* Doc. 1-1 at 9. The letter also instructed Plaintiff that any lawsuit based on his claims "**must be filed WITHIN 90 DAYS of your receipt of this notice**." *Id.* (emphasis in original).

After filing a Freedom of Information Act ("FOIA") request, Defendant received a copy of the EEOC file related to Plaintiff's charge of discrimination and Defendant's response. Defendant's Exhibit 1 were included in the FOIA file, along with other documents, including an activity log for activity on the EEOC portal related to Plaintiff's discrimination charge. The EEOC log produced as part of the FOIA request documents that Plaintiff downloaded a copy of his right-to-sue letter on November 7, 2024. *See* Defendant's Exhibit 2.

---

[1] The Court may consider Plaintiff's EEOC charge and the right to sue letter, including the EEOC documents regarding the right to sue, as they are central to Plaintiff's claim, the contents are not in dispute, and both documents are explicitly referenced in Plaintiff's Complaint. *See Financial Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284-85 (11th Cir. 2007).

Although Plaintiff did not properly serve Defendant at any point in time, Defendant waived service of the Complaint on April 21, 2025. *See* Doc. 4.

## III. DISMISSAL STANDARD UNDER FED. R. CIV. P. 12(b)(6)

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S at 555 (citation omitted). Furthermore, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id*. Left unchecked, a plaintiff with "a largely groundless claim" would be allowed to drain the resources of the court and would skew the settlement value of cases. *Id.* at 558.

In the Eleventh Circuit, a complaint must contain sufficient factual allegations to suggest the required elements of a cause of action, because neither a formulaic recitation of the elements of a cause of action, nor mere labels and legal conclusions withstand a 12(b)(6) motion to dismiss. *See, e.g.*, *Mukamal v. Bakes*, No. 08-13346, 2010 U.S. App. LEXIS 9041, *12–13 (11th Cir. April 30, 2010) (citing Twombly, 550 U.S. at 555–56). "'[C]omplaints are not impregnable'; any conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as

facts do not prevent dismissal." *Weissman v. NASD*, 500 F.3d 1293, 1305 (11th Cir. 2007) (citations omitted).

Plaintiff's pro se status does not excuse him from the requirements of the Federal Rules of Civil Procedure or *Iqbal*, *Twombly*, and their progeny. As this Circuit has noted: "[a]lthough we show leniency to pro se litigation, [the Court] will not serve as de facto counsel or 'rewrite an otherwise deficient pleading in order to sustain an action.'" *Nalls v. Coleman Low Fed. Inst.*, 307 F. App'x 296, 298 (11th Cir. 2009) (quoting *GJR Invs., Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

## IV.   ARGUMENT

### A.   The Court should dismiss Plaintiff's Complaint as untimely.

As an initial matter, Plaintiff's Complaint should be dismissed with prejudice in its entirety because Plaintiff did not file his Complaint within the 90 days required by statute.

Before an employee may sue in federal court under Title VII or the ADEA, he must first file a charge of discrimination with the EEOC. 42 U.S.C. § 2000e-5(b) & (f)(1); 29 U.S.C. § 626(d)(1). If the EEOC chooses not to move forward with litigation on the employee's behalf, the EEOC must send the employee notice, often called a right-to-sue letter. See 42 U.S.C. § 2000e-5(f)(1); 29 U.S.C. § 626(e).

To maintain his claims under Title VII and the ADEA, the employee then

must file a lawsuit in federal court within 90 days of receiving that right-to-sue letter. *See* 42 U.S.C. § 2000e–5(f)(1); *see also* 29 C.F.R. § 1601.19(a) (stating that a right-to-sue letter must inform the aggrieved party of his right to file a lawsuit in federal district court within 90 days of receipt of the letter).

"The plaintiff has the burden of establishing that []he met the 90-day filing requirement." *Perry v. S. Wine Spirits*, 511 F. App'x 888, 889 (11th Cir. 2013). "[A] plaintiff must generally allege in [his] complaint that all conditions precedent to the institution of the lawsuit have been fulfilled." *Burnett v. City of Jacksonville*, 376 F. App'x 905, 906-907 (11th Cir. 2010). "Procedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151–52 (1984). In other words, the 90-day filing requirement applies equally to pro se plaintiffs. *See, e.g., Portis v. World Omni Fin.*, No. 00-0047-CB-M, 2000 U.S. Dist. LEXIS 7667 (S.D. Ala. May 16, 2000).

Here, Plaintiff has not alleged that he filed the suit within 90 days of receiving his right-to-sue letter from the EEOC. Instead, the evidence shows Plaintiff did not meet this deadline.

As explained above, Plaintiff stated in his signed Complaint filed with this Court that he received the right-to-sue letter on "Approx. 11/8/24." Doc. 1 at 4. And the FOIA file shows that Plaintiff downloaded, and actually received, that letter on

November 7, 2024, further bolstering the conclusion that Plaintiff received the right-to-sue letter no later than November 8, 2024. *See* Defendant's Exhibit 2.

However, the Court need not rely on or even consider the date that Plaintiff downloaded his right-to-sue letter, because Plaintiff himself admits that he received the right-to-sue letter on November 8, 2024. *See* Doc. 1 at 4. Based on this information, provided by the Plaintiff, it is undisputed that he waited more than 90 days from that date to file his suit in federal district court, on February 7, 2025.

Because Plaintiff's Complaint was filed more than 90 days after he received the right-to-sue letter from the EEOC, Plaintiff's Complaint must be dismissed with prejudice. *See Marshal v. City Sch. Bd. of Selma*, No. 08-0464-KD-B, 2008 U.S. Dist. LEXIS 100147 (S.D. Ala. Dec. 9, 2008).

### B. The Court should also dismiss Plaintiff's Complaint because Plaintiff fails to allege different treatment based on his membership in any protected class.

In his Complaint, Plaintiff alleges that Defendant discriminated against him because of his race, religion, national origin, age, and ethnicity. Doc. 1 at 6; Doc. 1-1 at 2–3. However, Plaintiff does not allege any facts to support these claims.

Plaintiff's claims arise under Title VII's prohibition of discrimination on the basis of race, religion, national origin, or ethnicity and the ADEA's prohibition of discrimination on the basis of age. Title VII makes it unlawful for an employer "to fail or refuse to hire . . . any individual, or otherwise to discriminate against any

individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The ADEA similarly makes it "unlawful for an employer . . . to fail or refuse to hire . . . any individual . . . because of such individual's age[.]" 29 U.S.C. § 623(a)(1).

To state a discrimination claim under these statutes, a complaint "must provide 'enough factual matter (taken as true) to suggest intentional . . . discrimination.'" *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 967–68 (11th Cir. 2008) *abrogated on other grounds by Iqbal*, 556 U.S. 662, and *Twombly*, 550 U.S. 544. In other words, Plaintiff must allege facts sufficient to support a reasonable inference that Defendant took an adverse employment action against him based on his membership in a protected class. *See Evans v. Birmingham Hide & Tallow Co.,* 2023 WL 3198240 *3-4 (11th Cir. May 02, 2023) (citing *Jenkins v. Nell,* 26 F.4th 1243, 1251 (11th Cir. 2022)); *Jones v. Suburban Propane, Inc.*, 577 Fed.Appx. 951, 954 (11th Cir. Aug 19, 2014).

In this case, Plaintiff's Complaint should be dismissed because he does no more than allege that that he was a member of multiple protected classes and that he suffered an adverse employment action. He has made no allegations to connect the dots and demonstrate any inference that he was terminated *because of* his membership in a protected class. Plaintiff fails to allege any proper comparators, and

he does not allege that he was subjected to different treatment compared to any similarly situated employees of a different race, religion, national origin, age, or ethnicity. *See Litman v. Sec'y*, 703 Fed.Appx. 766, 769 (11th Cir. Jul 18, 2017) ("The fact that [the Plaintiff] was the only African-American employee does not plausibly lead to an inference that other employees there were similarly situated to him but differently treated.") In addition to not alleging any comparators or that he was treated differently from a coworker outside his protected class, Plaintiff does not make any allegations that Defendant made any statement showing an intent to discriminate against him based on his membership in a protected class.

Ultimately, Plaintiff's wholly conclusory allegations do not plausibly allege that he was treated differently because of his membership in a protected class, and they likewise do not reasonably suggest intentional discrimination. Plaintiff's allegations do not rise to the pleading standards necessary to survive the present Rule 12(b)(6) motion and his Complaint should be dismissed with prejudice. *See Twombly*, 550 U.S. at 555; *Iqbal*, 556 U.S. at 679.

## CONCLUSION

For the reasons explained above, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint as untimely and for failure to state a claim under Fed. R. Civ. P. 12(b)(6).

Dated: May 30, 2025

/s/Janell M. Ahnert
Janell M. Ahnert
Georgia Bar No. 321591
jahnert@littler.com
LITTLER MENDELSON, P.C.
420 20th Street North, Suite 2300
Birmingham, AL 35203
Telephone: 205.421.4700

*Attorney for Defendant*
*Delta Air Lines, Inc.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D, the undersigned hereby certifies that this pleading complies with the font requirements of Local Rule 5.1C because this document has been prepared in Times New Roman, 14-point type.

/s/*Janell M. Ahnert*
Janell M. Ahnert
*Attorney for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

**MUTWAKIL ELHAG,**

    **Plaintiff,**

**v.**

**DELTA AIR LINES, INC.,**

    **Defendant.**

**Civil Action No.**

**1:25-cv-00606-SDG-RGV**

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2025, I electronically filed the foregoing using the Court's ECF system, which will automatically generate notice to counsel of record for all other parties to the action as follows:

Mutwakil Elhag, Pro Se
mutwakilelhag@yahoo.com

In addition, I mailed this pleading, via First Class Mail to the following address:

Mutwakil Elhag, Pro Se
650 North Point Knoll Ct.
Riverdale, GA 30274

                                        */s/ Janell M. Ahnert*
                                        Janell M. Ahnert
                                        *Attorney for Defendant*