**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

MUTWAKIL ELHAG,

    Plaintiff,

             v.

DELTA AIR LINES, INC.,

    Defendant.

Civil Action No.
1:25-cv-00606-SDG-RGV

## OPINION AND ORDER

This matter is before the Court on the Non-Final Report and Recommendation (R&R) and Order of United States Magistrate Judge Russell G. Vineyard [ECF 23], which recommends that the motion to dismiss filed by Defendant Delta Air Lines, Inc. [ECF 15] be denied as moot, and orders that the motion for leave to file a second amended complaint be granted in part and denied in part [ECF 21]. Plaintiff Mutwakil Elhag filed one objection. After careful consideration, Elhag's objection is **OVERRULED**, and the R&R is **ADOPTED** in its entirety.

## I.     Applicable Legal Standard

A party challenging a R&R issued by a United States magistrate judge must file written objections that specifically identify the portions of the proposed findings and recommendations to which an objection is made and must assert a specific basis for the objection. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009). The district court must "make a *de novo* determination of those portions

of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *Jeffrey S. ex rel. Ernest S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990).

Absent objection, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge," 28 U.S.C. § 636(b)(1), and need only satisfy itself that there is no clear error on the face of the record. Fed. R. Civ. P. 72(b). The district court has broad discretion in reviewing a magistrate judge's R&R. In addressing objections, it may consider an argument that was never presented to the magistrate judge, and it may also decline to consider a party's argument that was not first presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1290–92 (11th Cir. 2009). Further, "'[f]rivolous, conclusive, or general objections need not be considered by the district court.'" *Schultz*, 565 F.3d at 1361 (quoting *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988)).

## II. Discussion

The factual and procedural background of this case are fully set out in the R&R.[1] In his objection, Elhag argues that the R&R's analysis misapplies equitable principles in denying him leave to amend.[2] Notably, nowhere in his motion to

---

[1]   ECF 23, at 2–7.

[2]   ECF 28, at 1–3.

amend did Elhag argue for equitable tolling. However, Elhag did raise an equitable tolling argument in response to Delta's motion to dismiss the FAC.[3] There, Elhag acknowledged that his right-to-sue letter was dated on November 6, 2024 and received by him on November 8, but that he did not file his original complaint until February 7, 2025,[4] one day after the statute of limitations period had run. *See Guyette v. Charter Communications, Inc.*, 403 F. Supp. 3d 1349, 1361 (N.D. Ga. 2019) (citing *Kerr v. McDonald's Corp.*, 427 F.3d 947, 951 (11th Cir. 2005)) ("The ninety days starts to run when a plaintiff has notice that the EEOC dismissed the charge, which is typically when the plaintiff receives the right to sue letter."). Elhag explained that he was delayed by two weeks in filing the complaint because it took the EEOC two weeks to respond to him after he emailed them to ask for a copy of his right-to-sue letter,[5] seemingly because he lost the first one that he received.

---

[3]    ECF 18, at 6–12.

[4]    *Id.* at 10.

[5]    *Id.* at 9; ECF 18-1, ¶ 5 ("January 14, 2025, I emailed the EEOC to track down my right-to-sue letter. I did not get a response until January 28, 2025, and lost two valuable weeks."). Generally, "when considering a Rule 12(b)(6) motion to dismiss for failure to exhaust administrative remedies, . . . it is proper for a judge to consider facts outside of the pleadings and to resolve factual disputes so long as the factual disputes do not decide the merits and the parties have sufficient opportunity to develop a record." *Chavez v. Credit Nation Auto Sales, Inc.*, 966 F. Supp. 2d 1335, 1345 (N.D. Ga. 2013) (citations and internal marks omitted).

Undersigned agrees with the R&R's conclusion that "Elhag's 'allegations foreclose a finding of diligence'" and that Elhag "failed to establish that 'some extraordinary circumstance prevented timely filing.'"[6] While undersigned is sympathetic to Elhag's "extraordinary math error" in calculating his last day to file his complaint, it does not rise to the level of "extraordinary circumstances" beyond the plaintiff's control that would warrant equitable tolling. *See generally Scott v. Piedmont Columbus Reg'l Hosp.*, 806 F. App'x 954, 955 (11th Cir. 2020) (citing *Bryant v. U.S. Dep't of Agric.*, 967 F.2d 501, 504 (11th Cir. 1992)) ("[T]he principle of equitable tolling does not extend to what is at best a garden variety claim of excusable neglect."). Moreover, the EEOC's purported delay in sending Elhag a copy of his right-to-sue letter fails to establish extraordinary circumstances. Elhag's allegations do not show that the EEOC put him in a position where he could not sign and submit his complaint in a timely manner. In fact, the EEOC sent Elhag a copy of the right-to-sue letter more than a week before the statute of limitations ran.[7]

Elhag points to *Weathers v. Houston Methodist Hosp.*, 116 F.4th 324 (5th Cir. 2024), in which the Fifth Circuit found equitable tolling warranted where the EEOC canceled the plaintiff's interview date, rescheduled her interview for the

---

[6]   ECF 23, at 16 (internal citations omitted).

[7]   ECF 18-1, ¶ 5.

last day that she could timely file her EEOC charge, and then delayed sending her a copy of the charge for her signature, such that she was not able to file her charge on time. Whereas the EEOC's actions prohibited Weathers from being able to file her EEOC charge, here, the EEOC responded to Elhag *before* the statute-of-limitations for filing his complaint had expired.

Elhag has not alleged extraordinary circumstances beyond his control that were "unavoidable even with diligence." *Scott*, 806 F. App'x at 955 (citing *Arce v. Garcia*, 434 F.3d 1254, 1261 (11th Cir. 2006)). Accordingly, Elhag's objection is overruled.

### III.    Conclusion

Elhag's objection to the R&R [ECF 28] is **OVERRULED**, and undersigned **ADOPTS** the R&R [ECF 23] as the Order of this Court. Elhag's motion for leave to file his second amended complaint [ECF 21] **is GRANTED in part** and **DENIED in part**; it is **GRANTED** with respect to his § 1981 race discrimination claim but **DENIED** with respect to his claims under Title VII and the ADEA. As such, Delta's motion to dismiss the FAC [ECF 15] is **DENIED as MOOT**. Elhag is **ORDERED** to file his second amended complaint, asserting only the claim on which he is authorized to proceed, within fourteen days of this Order.

The Clerk is **DIRECTED** to re-submit this case to Judge Vineyard for further proceedings.

**SO ORDERED** this 31st day of March, 2026.

Steven D. Grimberg
United States District Judge